Thank you. Mr. Simon, you have reserved three minutes for rebuttal. Yes. May it please the court. My name is Jacques Simon. I represent Dr. Khan in this appeal. So I'm going to get right to the point. We're under an order to discuss the case. I'm going to start with that. We're under an order to discuss the First Choice Women's Resolution Centers versus Davenport United States. I'm sorry. I'm having a hard time hearing you. Can you make sure you're speaking? I'm sorry. Is this better? Yes, sir. Thank you so much. We're under court order to discuss the latest decision from the Supreme Court which really impacts this case right away. And I think it disposes of most of the issues in this case. So what are the issues in this case? Very simple. Let's keep it narrow because there's very little time. So can I ask about your due process claim? Do we need to look at allegations that you have that you plan to administer vaccines to children under the age of 19 in the future? I didn't see those allegations. Yes. Are they necessary for your due process claim? Yes. Yes, he says that he is barred from... No. Is he... The allegations that he intends to or would otherwise do so? I don't think he said he intends to or otherwise to do so. Okay. If he does not intend to, then how do you have a future injury? Because he's barred from... Okay. He was saying that he was barred from continuing to do what he's doing and he's not doing it because he was barred. Obviously, in the future, he cannot do that. I'm asking if there is any allegations that you can point to that says that he intends or would otherwise vaccinate children under 19. I didn't see that in the record. And so I didn't see that in the allegation. I didn't see that when you were given the opportunity to amend. And so I'm asking for you to point out where I would find that allegation. We didn't say per se that he intends to do that in the future. We did say that he's barred from doing it in the future. Can you give me the record number that you think best explains that? He didn't say that he intends to do it in the future. He didn't say he intends to do it in the future. The complaint doesn't say that. Okay. And so how does that impact your claim of a future injury? If you didn't make that allegation, how do we find that there is a future injury to be found? There's a future injury because he's barred from administering vaccines to his patients, which he has done until he was stopped. And the reason why everybody was coming to him for the vaccines is because he does complementary medicine. And he was offering this. He explains in his affidavits. He's offering detox protocols to avoid side effects of vaccines. Once they told him to stop, they didn't tell him to stop. They stopped him by revoking access to Nysus. He stopped because he can't do vaccines and not report because then he'd get into trouble with the OPMC. I thought your argument is that he is currently actually experiencing a procedural due process violation now. Correct. Because he was removed without notice.  And he needed to be heard.  And under Kerry v. Fyfus, Supreme Court precedent, that's an injury.  Now, an actual injury now. Correct. You don't need to show future or ever. And that's this case here that says the First Choice Women's Resource Center says the same thing. That they held in the past that the injury arises when a defendant burdens the plaintiff's constitutional rights. Does he have a constitutional right in Nysus? He's practicing medicine. So maybe I agree that this is a standing question and that you have standing to bring the claim. But for purposes of the merits of the claim, you have to have pled a protected property interest. We did. The protected property interest is the access to Nysus. And the reason why, if there is a statute that imposes a duty and the constitutionality of the statute is not yet here, but 2168 imposes a mandatory duty on doctors to report vaccines. How does that mandatory duty, though, translate into an entitlement for him? I understand how it's an obligation on him, but how does that translate into an entitlement? Doesn't it seem like it's the exact opposite of an entitlement, where he has an obligation, but he's not entitled to anything? Well, in order for him to report, he needs access to Nysus. He's entitled to it, and it says everything in 2168 is mandatory, Judge. It's not something that... Right. And my question is, is that how does that lead to an entitlement for him? Because he's entitled to report. Otherwise, his license is being restricted without due process. What do we do about the parts of the statute that indicate that there's a lot of discretion among the commissioner to decide who has access to it and who doesn't? Well, let's read that statute together, because I learned that when I was a little kid. A judge taught me that lesson, because that's subsection 9. Subsection 9 does not give them discretion to revoke the right to access to Nysus once somebody has it. 12A, PHL 12A clearly says, if you think there's a violation in the reporting, you have to give my hearing an opportunity to be heard. So he is entitled to that. So the discretionary language includes things like credibility of the authorized user, authenticity of the request, or other reasons as provided in regulation. Yeah. And so, I mean, we've got cases that find almost the exact same language to be discretionary and, therefore, not to create a property interest. Well, that is discretionary before they give him access. So, yeah, somebody comes over. So not only doctors have access to Nysus. Other people come and seek access to Nysus, and there's an application. They've got to say, why do I want access to Nysus? And then they have the discretion to deny the application. But he had access to Nysus. Subdivision 9 does not give them discretion to revoke his access to Nysus at the stroke of a pen by an investigator. But I think the question is, is the fact that the discretion on the front end preclude it from being an entitlement? That's what I think that for rules of law. In general? Yes. Like under law. No. Okay. We'll hear more from you on that. Thank you. Good morning, Your Honors, and may it please the Court. Samantha Neal for the State Defendants. After a preliminary DOH investigation uncovered evidence that Dr. Kahn was reporting false immunization records to Nysus, DOH suspended his access to that system and issued a subpoena requesting documents relating to his vaccination practices. This Court should affirm the district court's dismissal of Kahn's complaint for two reasons. First, Kahn's failure to plead concrete harms that flow from the Nysus suspension or from the issuance of a non-self-executing subpoena warrants dismissal for lack of Article III standing. Second, in any event, Kahn fails to state a plausible claim because he has no constitutional right to access Nysus. So are we precluded from inferring based on past practice that he intended to keep offering vaccine services to children? You are, Your Honor. This is a classic Lujan problem. Someday intentions are not enough. Even though Kahn claims that he has in the past vaccinated pediatric patients, he, as he just conceded in his opening remarks, nowhere in the complaint does he allege that he will vaccinate patients in the future, pediatric patients. Why does he need to show that if he's alleged an actual current procedural due process harm in light of Cary v. Fipus, for example? Because the only harm that he alleges, Judge Nathan, Nathan, is the fact that there is a constitutional violation. And the mere allegation that a constitutional right has been violated, as the Supreme Court has held time and time again, is not enough. The plaintiff's burden is to show the actual concrete and particularized harms below. I see that as the merits argument, which is your alternative argument in your opening. It's not just that my constitutional rights have been violated. We have to assume, I think for purposes of the standing analysis, not rightness analysis, standing analysis, that this statute does create a protected property interest, don't we? No, Your Honor. First of all, a bare procedural violation is not enough. But then secondarily, even if we look to the question of whether the statute confers a property interest, it clearly does not, as the line of questioning by Judge Perez pointed out. The commissioner has the discretion to determine the credibility of the authorized user.  But that is merging, like, the merits in standing. I think it would help us to, or at least it would help me. Let me only go to that. It would help me if you teased out the difference between, you can't just say I have a constitutional violation and that leads to standing, versus being able to have a concrete injury now and he is claiming right now he can't access it and he didn't get the due process he needed to do that. Where is the line between just someone simply saying my constitutional rights were violating, which would not be enough for standing, but the situation that we're in, which says that he can't access something he needs and he didn't get a hearing to do that? Yes, Your Honor. So I submit that there are aspects to both inquiries, the jurisdictional inquiry and the merits inquiry, that are related. But the standing inquiry, yes, is distinct in that, as you point out, he cannot just say that there's a bare procedural constitutional violation. He needs to actually show that it harms him. So for example, his complaint could have but did not say that the financial bottom line of his practice is implicated because he can't access NISIS. And that, under the Supreme Court's precedence, is required. He needs to show a concrete particularized injury that actually flows from the procedural violation. But, Your Honors, even if you find that he does have standing to challenge the NISIS suspension, it plainly fails on the merits, insofar as the public health law grants the Commissioner the discretion to determine who has access to NISIS. It can be the same. So closing counsel says, no, the discretion is about, right, as you said, who has access. He had access. Those same discretionary provisions don't tell us how to evaluate the property interest once he has it. What's your response to that? Well, I would push back on the premise that he has a property right in NISIS, because, again, it's a discretionary scheme. Nobody, you know, requires that health care practitioners vaccinate pediatric patients. But if they do choose to do so, then the Commissioner is able to make the discretionary determination as to who gets access to that website. And based on the preliminary investigation that he was engaging in vaccination fraud, the Commissioner properly exercised his discretion in suspending that access. So counsel cites Spinelli, you know, for the proposition that that's a licensing case and he has a constitutionally protected interest. Is Spinelli your best case? Your Honor, I would point you to the string site that we cite to in our brief on pages 22 and 23. Those line of cases indicate that when there is a discretionary scheme at issue, then there's no legally protectable property right. And I would point you to actually the Boss case that this Court decided, where the restored use of a police-issued firearm, even that was not a legally protectable property right, because the government official in that case had the discretion to deny the firearm. What is your home run case with facts most similar to what we arguably have here, which is, let's imagine that a person has been proceeding with certain benefits or access to a vaccination site, and then that's removed. So it seems that counsel is saying that the fact that his client had access previously puts a different coloration on the meaning of discretionary. Do you have a case that is right on point or very close on point? Yes, Your Honor. I would point you to two cases. So first, the J.S. v. Teacock case that we cite to in our brief, where it involved the termination of the plaintiff from the witness protection program. That program was a benefit that the plaintiff had been given. He claimed that it was a legally protectable property interest, but because the official in that case had the authority to, as the public health law also does, suspend or revoke access to that program meant that there was no legally protectable property interest at stake. I also think the Boss case just cited also stands for this proposition. Having a police-issued firearm was, you know, in the plaintiff's view, a legally protectable property interest. But this Court said not so because the government official had the ability to revoke it. Okay. I want to make sure we deal with the subpoena before you sit down. So you're saying that it sounds like you think that Schultz is your best case, but that dealt with a Federal subpoena and not a State one. Is there any reason to treat them differently? Your Honor, no. So, you know, our submission is that he could have, you know, challenged this under State law and State court, but I don't think that the fact that it's a State versus Federal subpoena really changes the analysis here. I do want to address the First Choice case, though, very briefly. I want to point out that First Choice reaffirmed a line of cases that we cite to in page 20 of our brief that make clear that where a plaintiff only alleges a future hypothetical injury that might attach if the State moves to enforce the subpoena, that is not enough to show standing. Instead, the plaintiff's burden is to show that actual concrete harms flow from the very issuance of the subpoena itself, which Cahn tellingly does not do. Go ahead. I wanted to ask about, well, I have a question on amendment, if you want to. Go ahead. The district court said you can't amend because we look at standing at the time of the complaint. That's not right here. We look at the time of the amendment under Royal Canin, right? So we would ask whether, depending on what claim would be brought, you would have standing to bring that claim at the time of the amended complaint, correct? I mean, our submission would be that because the standing is determined at the outset of the lawsuit and subsequent requests to cure that defect, I mean, that subsequent requests to amend do not cure that initial defect, but in any event, Your Honor, even if he – What is the purpose of amendment? I mean, what's the case that stands for that? That sounds not like how I understand practice to work. I mean, I think that comes from Lujan, actually, just the idea that standing is determined at the outset. But, Your Honor, even – Well, it's not that people aren't – the purpose of an amendment is that people are not – I mean, you can't make something up or come up with something later, but if they just didn't allege something that they needed to, that's why people amend, right? That's fair, Your Honor, but our submission would be that it wouldn't have cured the jurisdictional defect. And in any event, even if you do believe that he does have predicate standing, amendment would have been futile here because the allegations that he purported to want to add to the complaint wouldn't have – you know, he doesn't explain how it would have led to any kind of due process violation. It suffers from the same defects as the – as the NISA suspension issue. No harms would have flown from the allegations that he purported to amend. And in any event, dismissal was without prejudice. Well, I mean, if he amended, he might be able to talk about the bottom line question that you mentioned, the financial bottom line, or that he intends to vaccinate children in the future. I will point out that he had the opportunity after the –  That's separate and apart from that. But that would cure, right? I mean, the question of what we do with the fact that he had the opportunity and he didn't is a separate issue, but those two would cure the standing issue that you mentioned, right? Well, I will say, though, that the fact that, you know, the court denied the request for a conference, I mean, that doesn't – I mean, that's not an abuse of discretion. That is a quintessentially discretionary pretrial management decision, and I actually don't think that it would have cured the jurisdictional problems if it even came in. Before you sit down, can you talk to me how I'm supposed to understand Section 2308B, one that provides for judicial review prior to enforcement? CPLR 20 – What does that have to do with the case? CPLR 2308B. The idea there is that administrative subpoenas are not self-executing, that the state actually must move to enforce the subpoena in order for it to have any legal force or effect. So if Kong were to not comply with the subpoena, there would be no penalties that actually flow from that. Any penalties that accrued would – So my question, though, is that all that is required to cure the injury that he claims? If the state moved to enforce the subpoena, he may have standing to challenge it, yes. But he doesn't – but the state has not moved to do so here. Thank you, Your Honor. Thank you. I'm sorry, did you have another question? So – I'm sorry, counsel. So it's your position that Kong's challenge to the administrative subpoena was not – was not right? Correct, yes. That is an alternative jurisdictional basis upon which to affirm. And as Your Honors well know, you know, rightness does not have the injury in fact component that standing does. And so to the extent that, you know, this Court is grappling with the injury in fact requirement, you know, I would offer this alternative basis upon which to affirm. That was also the grounds upon which the district court affirmed. So in some senses, that is the path of least resistance to affirmance on the jurisdictional issue there. Thank you so much. Thank you. Mr. Sandek, you have three minutes. I'll address the subpoena issue first. Actually, could you address if you were permitted to amend what claim you would have brought? What – or what additional allegations you would have brought if you'd been permitted to amend? Exactly that. Exactly that he is entitled to vaccinate. He vaccinated children that were coming to him because of his specialty protocol. And now he cannot do it. And he's barred from doing it. And he intended to do it. And he puts actually in his affidavit that as a result of this, he had to cancel appointments. So you wouldn't have brought any additional claim? This would have just been allegations that go to the district? Well, there was something else. There was something else. The fact that they did at the time after the action was commenced, that they just post people's name on it and they tell schools, do not accept vaccine certifications from these people.  And if you'd been permitted to amend to include those allegations, you would have argued any new claims or that that supported your existing claims? How would you have used those allegations if you'd been permitted to amend? The allegations is he has to have notice and opportunity to be heard pursuant to 12A. If there's a violation of 2168, 12A says give notice and opportunity to be heard. So it would have been allegations in support of your procedural due process, your existing procedural due process?  Okay. What do we do about the fact that after they moved to dismiss because it lacked allegations, you did not request to add such allegations? I'm sorry? Why have you not forfeited this argument, or forfeited the opportunity to make additional allegations proving standing? After the defendant moved to dismiss on the basis that it lacked some key allegations, you did not request to add them. What do we do about that? I didn't request to add the allegations. I requested an amendment, and that was denied. May I address the subpoena also? Okay. If a subpoena stands in a vacuum and nothing happens, just like in this case in the current case from the Supreme Court, okay, but that's not what's happening here. We have Education Law 6530.28. 6530.28 is a disciplinary statute. This is a doctor. If you don't respond within 30 days from communications from the Department of Health, we will come and discipline you. So the IRS case, which is the leading case in this court, nothing happens. If a subpoena sits there and nothing happens and you're not threatened to have consequences, and that's why the new case talks about consequences, then okay. But here there are consequences. There are statutory consequences. 6530.28. If you sit around and you don't answer to the subpoena, the OPMC will come and get you and discipline you. This is a doctor. He can't sit by. Just one quick question. So this is all within the context of the Fourth Amendment claim? Correct. Correct. No additional claim with respect to the subpoena? I'm sorry? There is no additional claim with respect to the subpoena, correct? No. The subpoena, it has to be enforced in order to prevent action from them. But the action from them is not only from the Department of Health. Department of Health agencies, OPMC is part of the agency, and they can discipline them for not answering the subpoena. And they amended that statute to make sure that it says if you do not give documents when they request you, this is a disciplinary ground. And I put it in my reply. But no First Amendment claim? No First Amendment. Because that was an important point. Well, the reason we're asking about the Supreme Court analysis. What's that? That was an important part of the Supreme Court's analysis. Yeah, but that was on the facts of that case. But they did say at page 11 of their opinion that an injury, in fact, does not arise only where a defendant causes a tangible harm to a plaintiff, like a physical injury or monetary loss. It can also arise when a defendant burdens a plaintiff's constitutional rights. So they gave you an umbrella section there that they're discussing. And the constitutional rights you're claiming to be burdened here are the Fourth Amendment rights. True. Due process, opportunity to be heard regarding ISIS. Fourth Amendment, because the subpoena was signed by an investigator, which C v. Seattle clearly says you cannot do. Otherwise, investigators would go and issue subpoenas and walk in without the trickling down administrative Fourth Amendment protections. The idea behind the subpoena review is somebody who is impartial has to oversee the issuance of the subpoena. That is why investigators don't issue subpoenas. Here, an investigator issued the subpoena. It's defective on its face under C. Thank you so much. The case is under advisement. Thank you.